**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CURTIS NICHOLS,

                Plaintiff,

                                          CIVIL ACTION

v.

                                          No: 10-2086-JAR-GLR

KANSAS DEPARTMENT
OF CORRECTIONS,

                Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Stay of Discovery and for Additional Time to Answer (doc. 9).[1] Defendant requests an order staying all further proceedings in this matter until such time as the Court rules on its pending Motion to Dismiss. It also requests that if the motion to dismiss is denied in whole or in part, it be allowed twenty (20) days within which to answer the Complaint or otherwise respond. No party has filed any response in opposition to Defendant's motion.

The general policy in this district is not to stay discovery even though dispositive motions are pending.[2] A court, however, may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution

---

[1] Defendant filed its Motion for Stay of Discovery and for Additional Time to Answer as part of its Motion to Dismiss (doc. 9). In this Memorandum and Order, the Court is not ruling on the Motion to Dismiss, only the requests to stay discovery and for additional time to answer.

[2] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[3]

In support of its motion to stay, Defendant argues that it is wasteful and burdensome for the parties to expend time on discovery, including Rule 26(a) disclosure requirements, while a dispositive motion is pending because the case is likely to be resolved thereby. Defendant asserts that nothing in the discovery/disclosure process impacts the legal issues presented by the motion to dismiss, and there are no factual issues presented by the Complaint because no essential facts have been alleged.

After reviewing the pleadings submitted in this case and noting that Plaintiff failed to file any response in opposition to Defendant's Motion to Dismiss within the 21-day time permitted under D. Kan. Rule 6.1(d)(1), the Court determines there is a substantial likelihood that this case will be finally concluded by a ruling on Defendant's pending motions to dismiss.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Stay of Discovery; and for Additional Time to Answer (doc. 9) is granted. All Rule 26 proceedings, discovery, and pretrial proceedings are hereby stayed until the Court rules on Defendant's Motion to Dismiss.

IT IS FURTHER ORDERED THAT if the motion to dismiss is denied in whole or in part, Defendant has twenty (20) days from the date of that decision within which to answer the Complaint or otherwise respond thereto.

Dated in Kansas City, Kansas on this 7th day of April, 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[3]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).