Rlml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CURTIS NICHOLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 10-2086-JAR** |
| **KANSAS DEPARTMENT OF** ) | |
| **CORRECTIONS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Curtis Nichols, proceeding *pro se* and *in forma pauperis*, brings this action

against the Kansas Department of Corrections ("KDOC"), alleging employment discrimination

under Title VII, 42 U.S.C. §§ 2000e, *et seq.*, specifically racial harassment from his co-workers

and supervisors at the Lansing Correctional Facility that created a hostile work environment.

This matter is before the Court on defendant's Motion to Dismiss (Doc. 9) and plaintiff's Motion

for Leave to Amend Complaint (Doc. 11).  For the reasons explained below, the Court grants

defendant's motion to dismiss[1] and denies plaintiff's motion to amend, without prejudice to refile

a motion in compliance with D. Kan. Rule 15.1.

## I.      Plaintiff's Complaint

Plaintiff's Complaint names KDOC as the only defendant.  Plaintiff sets forth the

essential factors of his claim as being subjected to racial harassment from co-workers and a

---

[1]Defendant's motion also requests stay of discovery and additional time to answer, which was granted by
Magistrate Judge Rushfelt in a separate order (Doc. 10).

superior, which has created a hostile work environment.  Plaintiff, who identifies his race as

black, states that he believes this constitutes discrimination against him because of his race in

violation of Title VII.  Plaintiff attaches to his Complaint a copy of his Charge of Discrimination

filed with the Equal Employment Opportunity Commission (EEOC), as well as his Dismissal and

Notice of Rights issued by the EEOC.  Plaintiff's EEOC charge is brought against his employer,

Lansing Correctional Facility, where he is employed as a Correctional Officer.

## II.    Discussion

### A.    Motion to Dismiss

Plaintiff did not file a response to defendant's Motion to Dismiss and the time to do so

has expired.[2]  Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

As a result of plaintiff's failure to respond, the Court grants KDOC's motion.

Furthermore, the Court grants defendants' motion to dismiss because plaintiff fails to

establish jurisdiction over defendant.  KDOC argues that the Court should dismiss plaintiff's

claim because it lacks capacity to be sued under Kansas law.  Although defendant seeks

dismissal under Rule 12(b)(6) for failure to state a claim, whether defendant possesses the

---

[2]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-three days).
This Rule was amended affective March 17, 2010, changing the response time to twenty-one days.  Because
defendant's motion was filed March 11, 2010, the former Rule governs plaintiff's deadlines.

capacity to be sued presents a jurisdictional question.[3]  Under Kansas law, absent express

statutory authority, legislatively-created government agencies lack the capacity to sue or be

sued.[4]  The Court therefore considers defendant's motion under Rule 12(b)(2), which governs

dismissals for lack of personal jurisdiction.[5]  Here, KDOC is a creature of statute, but Kansas law

does not authorize it to sue or be sued.[6]  Because KDOC is not an entity subject to suit, the Court

grants defendant's motion to dismiss.

### B.    Motion to Amend Complaint

On April 6, 2010, plaintiff filed a Motion to Amend his Complaint (Doc. 11), seeking

leave to amend to add additional individual defendants who were employees of Lansing

Correctional Facility.[7]  Effective December 1, 2009, Rule 15(a) of the Federal Rules of Civil

Procedure was amended to permit a plaintiff to amend a pleading as a matter of course within

twenty-one days of service of a responsive pleading or motion under Rule 12(b).[8]  After twenty-

one days, the plaintiff must obtain leave to amend.[9]  Plaintiff's motion was filed outside the

twenty-one day period.  Rule 15(a) specifies that the court "freely give leave when justice so

---

[3]*See Corder v. Kan. Bd. of Healing Arts*, 889 P.2d 1127, 1144-45 (Kan. 1994) (court has no jurisdiction where government entity not granted power by statute to sue and be sued); *Whayne v. Kansas*, 980 F. Supp. 387, 392 (D. Kan. 1997) (capacity to sue and be sued necessary to establish jurisdiction).

[4]*Hopkins v. Kansas*, 702 P.2d 311, 316 (Kan. 1985).

[5]*See Grayson v. Kansas*, No. 06-2375-KHV, 2007 WL 1259990, at *2 n.7 (D. Kan. Apr. 30, 2007) (dismissing claim under Rule 12(b)(2) where KDOC lacked capacity to be sued).

[6]K.S.A. § 75-5203.

[7]Plaintiff names the following individuals in their official and individual capacities: James Arnold, Correctional Officer I; William Gregory, Correctional Officer I; Michael Schmidling, Lieutenant; and Ben Reynolds, Unite Team Manager.

[8]Fed. R. Civ. P. 15(a)(1)(B).

[9]Fed. R.Civ. P. 15(a)(2).

requires."[10]  Nonetheless, a court may refuse to grant leave to amend based on, among other things, futility of amendment.[11]  A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.[12]  Leave to allow amendment is within the court's sound discretion.[13]

Defendant KDOC summarily objects to plaintiff's request on three grounds: 1) that plaintiff failed to submit a proposed amended complaint with his motion; 2) that plaintiff failed to exhaust his claims against the individuals; and 3) individuals cannot be sued either in their personal or official capacity under Title VII.

KDOC first asks the Court to deny plaintiff's motion on the basis that he has failed to comply with D. Kan. Rule 15.1, which sets forth the various procedural requirements for motions to amend.  Among other things, Rule 15.1 requires the moving party to attach to the motion the proposed amended pleading.  This is more than a mere technical requirement, as movant's compliance "is critical for the court to assess the different factors relevant in deciding a motion to amend."[14]  Likewise, this requirement is necessary so that the opposing party may fully review and evaluate the proposed amendments and, where appropriate, oppose them.

Plaintiff has not complied with this requirement.  Other than naming the individual defendants and their position at Lansing Correctional Facility, both the Court and defendant are

---

[10]*Id.*

[11]*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[12]*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

[13]*LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983).

[14]*Hammond v. City of Junction City, Kan.*, No. 00-2146-CM, 2002 WL 31545354, at *1 (D. Kan. Nov. 18, 2002) (citing *Gorsline v. Kansas*, No. 95-4085-SAC, 1995 WL 783217, at *1 (D. Kan. Nov. 21, 1995)).

left to speculate about the contents of the proposed amended Complaint. Although KDOC attempts to object, it may not have identified all grounds that it may have to oppose the amendments. The Court is similarly unable to adequately assess whether leave to amend should be granted. For these reasons, the Court will deny plaintiff's motion for leave to amend, without prejudice to refile a motion that complies with D. Kan. Rule 15.1 within fourteen (14) days of the date of this Order. In the event plaintiff fails to file such a motion, this action will be dismissed with prejudice. Because the Court grants defendant's objection on this basis, it does not reach the alternative objections based on futility.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant KDOC's Motion to Dismiss (Doc. 8) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. 11) is DENIED without prejudice to refile a motion that is in compliance with D. Kan. Rule 15.1 within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

**Dated:** **August 18, 2010**

 S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**