IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS NICHOLS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 10-2086-JAR |
| KANSAS DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Curtis Nichols, proceeding *pro se* and *in forma pauperis*, filed this action against the Kansas Department of Corrections ("KDOC"), alleging employment discrimination under Title VII, 42 U.S.C. §§ 2000e, *et seq.*, specifically racial harassment from his co-workers and supervisors at the Lansing Correctional Facility ("LCF") that created a hostile work environment. On August 18, 2010, the Court granted the KDOC's Motion to Dismiss and denied plaintiff's motion to amend his Complaint to add additional individual defendants who were employees at LCF, without prejudice to refile a motion that is in compliance with D. Kan. Rule 15.1 (Doc. 13). This matter is before the Court on plaintiff's Motion for Leave to File Amended Complaint (Doc. 19), seeking leave to add four new defendants and an additional claim under 42 U.S.C. § 1983. Plaintiff's proposed Amended Complaint continues to name the KDOC as a defendant, and adds the following defendants in their official and individual capacities, all of whom are employees at LCF: Mitchell Schmidling, Ben Reynolds, James Arnold and William Gregory. Plaintiff seeks declaratory relief and compensatory and punitive

damages against all defendants on his claims of racial discrimination and a hostile work environment. The KDOC objects to plaintiff's motion (Doc. 20). Plaintiff has not responded.

Fed. R. Civ. P. 15(a) provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.[1] A district court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.[2] Leave to allow amendment is within the court's sound discretion.[3] The Tenth Circuit has explained, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits."[4]

This Court granted the KDOC's motion to dismiss and it is no longer a party to this action.[5] Thus, plaintiff's motion for leave to amend is denied to the extent he continues to name the KDOC as a defendant. The KDOC also argues that plaintiff's proposed amendment is futile. Because the KDOC is no longer a party to this action, however, the Court disregards any additional objections to plaintiff's motion that do not pertain to the KDOC, and grants leave to

---

[1] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[2] *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 at 642 (1990).

[3] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995).

[4] *Minter*, 451 F.3d at 1204 (quoting *Foman*, 371 U.S. at 182).

[5] *See* Doc. 13 at 2-3 (dismissing the KDOC for lack of jurisdiction, as it is not an entity subject to suit).

amend with respect to the additional defendants and claims.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Leave to Amend (Doc. 19) is granted in part and denied in part. Plaintiff's motion is **denied** to the extent he continues to name the KDOC as a defendant, and is **granted** as to the remainder of his proposed Amended Complaint.

**IT IS FURTHER ORDERED** that plaintiff is directed to omit the KDOC as a named defendant in this lawsuit, and file an Amended Complaint that complies with the Court's directive within fourteen (14) days of this Order, as required by D. Kan. Rule 15.1(b).

**IT IS SO ORDERED.**

Dated: November 23, 2010

 S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE