IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS NICHOLS,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )
                                         )     Case No. 10-2086-JAR
MICHAEL SCHMIDLING,                      )
JAMES ARNOLD, BEN REYNOLDS,              )
and WILLIAM GREGORY,                     )
                                         )
                    Defendants.          )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Curtis Nichols, proceeding *pro se* and *in forma pauperis*, brings this action

against Michael Schmidling, James Arnold, Ben Reynolds and William Gregory (collectively,

"Individual Defendants"), alleging racial discrimination under Title VII, 42 U.S.C. §§ 2000e, *et*

*seq.*, and 42 U.S.C. § 1983, specifically racial harassment from co-workers and supervisors at

Lansing Correctional Facility ("LCF") that created a hostile work environment and violated his

constitutional rights.  This matter is before the Court on Defendant Gregory's Motion to

Dismiss; for Stay of Discovery; and for Additional Time to Answer (Doc. 38) and Plaintiff's

Motions for a Directed Verdict, Default Judgment and Order Regarding Service (Docs. 45, 46,

47).  For the reasons explained in detail below, the Court grants Defendant's motion to dismiss

and denies Plaintiff's motions.

## I.      Procedural and Factual Background

Plaintiff originally filed a Title VII action against the Kansas Department of Corrections

("KDOC") on February 11, 2010, which this Court dismissed for lack of jurisdiction over

KDOC.[1]  Plaintiff's motion for leave to amend his complaint to add Individual Defendants was also dismissed without prejudice because he failed to comply with D. Kan. Rule 15.1 by attaching to the motion the proposed amended complaint, and he was allowed additional time to amend.[2]  Plaintiff subsequently filed an Amended Complaint against Individual Defendants.[3]  To date, service of process has only been effected as to Defendant Gregory.

Plaintiff alleges that on October 13, 2008, Defendant Gregory engaged in a racially disparaging conversation about African-Americans for the sole purpose of humiliating and harassing Plaintiff, who identifies himself as African-American.

## II.   Discussion

Defendant Gregory moves to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(4), (5) and (6), alleging numerous grounds for dismissal ranging from lack of jurisdiction to failure to state a claim.  In the Court's view, however, the threshold issues concern the nature of Plaintiff's claim and whether Gregory is a proper party to the suit, and thus will begin its analysis under Rule 12(b)(6).  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

---

[1] Doc. 13.

[2] *Id.*

[3] Doc. 27.

[4] *Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5]
The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just
speculatively) has a claim for relief.[6]  As the Supreme Court recently explained, "[a] pleading
that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action
will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further
factual enhancement.'"[7]  Additionally, "[a] claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." [8]

Because the plaintiff is a *pro se* litigant, the court must construe his pleadings liberally
and apply a less stringent standard than that which is applicable to attorneys.[9]  However, the
court may not provide additional factual allegations "to round out a plaintiff's complaint or
construct a legal theory on a plaintiff's behalf."[10]  The court need only accept as true the
plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[11]  Additionally, a
*pro se* litigant is not excused from complying with the rules of the court and is subject to the

---

[5]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer
to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct,
much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"
*Id.* (internal citations omitted).

[7]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949(2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[8]*Id.*

[9]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[10]*Id.*

[11]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

3

consequences of noncompliance.[12]

### A.   Section 1983

Pursuant to 42 U.S.C. section 1983, any person who "under color of . . .  [law] . . .

subjects, or causes to be subjected, . . .  any [person] . . .  to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured."  Section 1983 was enacted to provide protections to those persons wronged by the

misuse of governmental power. While the statute itself creates no substantive civil rights, it does

provide an avenue through which civil rights can be redeemed.[13]  To state a claim for relief in a

section 1983 action, a plaintiff must establish that he was (1) deprived of a right secured by the

Constitution or laws of the United States and (2) that the alleged deprivation was committed

under color of state law.[14]

The purpose of § 1983 is to provide a way for individuals to seek a federal remedy for

violations of federally protected rights created by the Constitution or federal statutes.[15]  Section

1983 cannot be used: (1) as a remedy for violations of a statute, if the statute does not create a

right secured by the laws of the United States; or (2) when a governing statute provides an

exclusive remedy for a violation.[16]  Both the Equal Protection Clause of the Fourteenth

---

[12]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[13]*See Wilson v. Stock,* 52 F.3d 1547, 1552 (10th Cir. 1995).

[14]*See Am. Mfr's Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

[15]*Foster v. Wyrick,* 823 F.2d 218, 220 (8th Cir. 1987).

[16]*Id.* at 221 (citing *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981), *Pennhurst State Sch. and Hosp. v. Halderman,* 451 U.S. 1, 28 (1981)).

Amendment and Title VII of the Civil Rights Act of 1964 provide protection from discrimination due to race.[17]

Title VII provides a comprehensive remedial system for the violation of the rights it provides.[18] Plaintiff's claims of race discrimination and hostile work environment in the workplace are considered employment discrimination claims. Despite his assertion of the claims under § 1983, his allegations are actually governed by Title VII. Therefore, the Court will analyze Plaintiff's unlawful discrimination claim as a Title VII claim.

**B.     Title VII**

Plaintiff brings this action against Defendant Gregory in both his personal and official capacity. It is well established that in the Tenth Circuit "personal capacity suits against individual supervisors are inappropriate under Title VII."[19] Because individuals may be sued under Title VII only in their official capacities,[20] Plaintiff's personal capacity claim against Defendant is dismissed.

Moreover, Plaintiff's official capacity claim against Defendant fails to state a claim. An official capacity suit does not provide an avenue of relief against the individual, but operates

---

[17]*Id*. at 220.

[18]*See Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 336, 378 (1979) (concluding that § 1983 cannot be used as the remedy for retaliatory discharge, because Title VII provides an exclusive remedy for retaliatory actions); *Foster,* 823 F.2d at 221 (finding § 1983 could not be used as a remedial path for a Title VII disparate impact claim, because the statute provides a remedy).

[19]*Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1272 (D. Kan. 2011) (quoting *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996)).

[20]*Redpath v. City of Overland Park*, 857 F. Supp. 1448, 1456 (D. Kan. 1994).

as an alternative means of naming the individual's employer.[21]   The Tenth Circuit has explained, "[w]e think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."[22]   Any relief afforded to a plaintiff through an "official capacity" suit will be at the expense of the employer, not the individual.[23]

In this case, Plaintiff's Amended Complaint identifies Gregory as an employee of LCF, specifically a "COI", or Corrections Officer I.[24]   There is nothing in the Amended Complaint or attachments that indicates Gregory was more than a coworker, or that he supervised Plaintiff or exercised control over his hiring, firing or employment conditions.  It is inappropriate to bring a Title VII claim against a nonsupervisory employee—Gregory has no personal liability and is not an "agent employee" such that an official capacity suit serves the equivalent of suing the employer, LCF.  Thus, the Court finds that an official capacity suit against Gregory does not serve as the equivalent of suing employer LCF, and thus Gregory is not a proper defendant and is dismissed from this case.[25]

**C.     Plaintiff's Motions for Directed Verdict, Default Judgment and Order Regarding Service.**

In response to Defendant Gregory's Motion to Dismiss, Plaintiff moves for directed

---

[21]*See Sauers v. Salt Lake Cnty.,* 1 F.3d 1122, 1125 (10th Cir. 1993).

[22]*Id.*

[23]*See Stafford v. Missouri,* 835 F.Supp. 1136, 1149 (W.D .Mo.1993).

[24]Doc. 27 at ¶¶ 8, 13.

[25]*Redpath*, 857 F. Supp. at 1456 (citing *Sauers*, 1 F.3d at 1125).

6

verdict, default judgment and for the Court to take judicial notice that all four Individual Defendants have been served.  The underlying basis for Plaintiff's motions is that Gregory's counsel has admitted to being the attorney for all of the Individual Defendants and that they were properly served by mailing a copy of the summons and Amended Complaint to counsel. Plaintiff's argument is without merit.

The record is clear that counsel for Gregory, who also represented the KDOC, has not entered an appearance for the other three Individual Defendants, none of whom has been properly served.  Service in federal courts is governed by Fed. R. Civ. P. 4.  Pursuant to this rule, a defendant must be served within 120 days of when the complaint is filed,[26] and service must be effected by someone other than the plaintiff.[27]  Here, in addition to summons being issued by the clerk's office, Plaintiff attempted to serve the Individual Defendants himself, by mailing copies of the summons and Amended Complaint to counsel, who has not been authorized or appointed to receive service of process on behalf of any named Individual Defendants.[28]  Thus, the only Individual Defendant to be properly served under Rule 4 is Defendant Gregory, who timely responded by filing the instant Motion to Dismiss on July 29, 2011.  Accordingly, there is no basis for default judgment or any other default action to be taken against any of the Individual Defendants, and Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gregory's Motion to Dismiss (Doc. 38) is GRANTED;

---

[26]Fed. R. Civ. P. 4(m).

[27]Fed. R. Civ. P. 4(c)(2).

[28]*See* Fed. R. Civ. P.  4(e)(2)(C).

7

**IT IS FURTHER ORDERED THAT** Plaintiff's Motions for a Directed Verdict, Default Judgment and Order Regarding Service (Docs. 45, 46, 47) are DENIED.

**IT IS SO ORDERED.**

Dated: <u>November 21, 2011</u>

 S/ Julie A. Robinson 

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE
