## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CURTIS NICHOLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 10-2086-JAR** |
| **MICHAEL SCHMIDLING,** | ) | |
| **JAMES ARNOLD, and** | ) | |
| **BEN REYNOLDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

### MEMORANDUM AND ORDER

On November 21, 2011, this Court issued a show cause order (Doc. 55) to Plaintiff Curtis

Nichols requiring that he show good cause in writing on or before December 6, 2011, why this

action should not be dismissed for failure to make effective service of process upon Defendants

Michael Schmidling, James Arnold and Ben Reynolds within 120 days of filing the amended

complaint as required by Federal Rule of Civil Procedure 4(m).  Plaintiff responded on

November 22, 2011, by filing a "Motion for Ex Parte Orders to Facilitate Service of Process and

Motion for Oral Arguments" (Doc. 57), requesting the Court order counsel for the Kansas

Department of Corrections ("KDOC") to provide him with Defendant Arnold and Schmidling's

current and last known address so he might effect service; he does not seek to re-serve Defendant

Reynolds.  Plaintiff states that he mailed process to KDOC's counsel as well as by sending a

copy of the summons and complaint to Lansing Correctional Facility ("LCF") (Doc. 57).

Plaintiff also states that he has determined that Schmidling is retired, Reynolds is deceased, and

Arnold left employment at LCF in June 2011.  Defendant Gregory was served in July 2011, and

the Court subsequently granted his motion to dismiss (Doc. 55).

Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint to serve process on a defendant.  A plaintiff is entitled to a mandatory extension of time if he or she shows good cause for the failure to timely effect service.[1]  If a plaintiff fails to show good cause, then the court must consider whether a permissive extension of time is warranted or whether to dismiss the case without prejudice.[2]

28 U.S.C. § 1915(d) states that when an individual is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."[3]  Fed. R. Civ. P. 4(c)(3) dovetails with section 1915 and provides that the court must appoint a United States marshal or deputy marshal to serve plaintiff's process if the plaintiff is authorized to proceed *in forma pauperis*.

Because a party proceeding *in forma pauperis* is entitled to rely on the Marshals Service for service of the summons and complaint, numerous circuits have found good cause exists to excuse a failure to serve when the Marshals Service does not fulfill its duties.[4]  A court should not penalize a plaintiff by dismissing the action when the Marshals Service fails to serve process, unless the defects result from plaintiff's inadequate or inaccurate information or lack of diligence.[5]

In February 2011, process was returned as unexecuted for all four defendants.  The Court

---

[1]Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[2]*Espinoza*, 52 F.3d at 841.

[3]28 U.S.C. § 1915(d).

[4]*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1352 (D. Kan. 1994).

*Oltremari*, 871 F. Supp. at 1352; *Olson v. AT&T*, No. 08-2126-CM, 2009 WL 982447, at *2 (D. Kan. Apr. 13, 2009).

subsequently denied Plaintiff's motion for personal service, but ordered the clerk to issue summons for Defendants Arnold, Schmidling and Gregory based on the addresses provided by Plaintiff so they could be served by the Marshal, and granted an additional 120 days for service; Plaintiff did not seek to re-serve Defendant Reynolds, who is deceased.[6]  Process was returned unexecuted for Arnold and Schmidling, and Gregory was successfully served.  The Court granted Gregory's motion to dismiss and held that Plaintiff's attempt to serve Arnold and Schmidling by mailing copies of the summons and complaint to counsel for the KDOC was ineffective.[7]

In this case, Plaintiff is at fault for the failure to serve.  A plaintiff must cooperate with the Marshals Service and take reasonable steps to identify the defendant by name and address so that service can be accomplished.[8]  Based upon the information in Plaintiff's Motion to Allow Personal Service, the Marshals Service served the summons and amended complaint on Defendants Arnold and Gregory at LCF and on Defendant Schmidling, who is retired from LCF, at what appears to be his residence.  However, there was no person named James Arnold employed at LCF when the Marshals Service attempted service and the summons and amended complaint sent to Defendant Schmidling were returned to sender as undeliverable.[9]  Plaintiff's only explanation for why he has not served Defendants is that he has had "great difficulty" locating their addresses and, in light of the Court's previous ruling that counsel for the KDOC

---

[6]Doc. 32.

[7]Doc. 54.

[8]*See Everetson v. Topeka Ass'n for Retarded Citizens*, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (citing *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 Fed. Appx. 908 (10th Cir. 2002)); *see also Olsen*, 333 F.3d at 1204–05.

[9]Docs. 36, 39.

has not been authorized or appointed to receive service of process on behalf of these Defendants, the Court denies Plaintiff's request that the Court order counsel to provide him with this information.

Plaintiff has provided no other information about the whereabouts of these Defendants other than they are no longer employed by LCF. "It is highly questionable that either court staff or employees of the [United States Marshals Service] have a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service."[10]  If the Marshals Service is "unable to effectuate service . . . with the information . . . provided, the onus remains upon plaintiff to discover and submit sufficient information for service of all defendants he has named in [his] lawsuit."[11]  Under these circumstances, the Court finds that Plaintiff is responsible for the defects in service and thus, has not established good cause to failing to serve Defendants.[12]

As discussed above, even if good cause is not shown, a court has discretion under Rule 4(m) to extend the time allowed for service of process.[13]  In determining whether to grant a permissive extension, the court considers several factors, including whether the applicable statute of limitations would bar the re-filed action and whether defendant has been prejudiced by

---

[10]*Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009).

[11]*Id*. at *3.

[12]*See Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777, at *2 (D. Kan. Mar. 11, 2009) (requiring Plaintiff to provide the Marshals Service with the current location or address for Defendants because "it is neither the role nor the responsibility of the Court or the U.S. Marshals Service to investigate the whereabouts or to locate parties to a lawsuit."); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (upholding that Plaintiff did not show good cause for failing to serve defendant within 120 days because Plaintiff did not provide the Marshals Service with sufficient information to serve Defendant), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 483–84 (1995).

[13]*See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

4

the delay of service.[14]  Relief may be justified if the applicable statute of limitations would bar the re-filed action.[15]

In this case, the limitations period has likely run on Plaintiff's claims.  Plaintiff has attempted to serve Defendants, albeit ineffectively, which factors in his favor.  However, it appears likely that Defendants would be prejudiced by Plaintiff's delay in service, as the amended complaint was filed almost one year ago.  As this Court has stated, "[w]ith the passage of time, evidence grows stale, witnesses become harder to locate, and witness recollections often fade."[16]  Therefore, there are factors that weigh both for and against a permissive extension.  The Tenth Circuit has cautioned that a district court should not dismiss a *pro se* plaintiff's complaint for failure to effect proper service without first providing the plaintiff with specific instructions on how to correct the defects in service.[17]  This tips the balance in favor of a permissive extension.  As such, the Court exercises its discretion in allowing Plaintiff a permissive extension of time to properly serve Defendants Arnold and Schmidling.

**IT IS THEREFORE ORDERED** that the amended complaint is **dismissed, without prejudice**, with respect to Defendant Ben Reynolds;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Facilitate Service (Doc. 57) is **denied**;

**IT IS FURTHER ORDERED** that Plaintiff be granted **thirty (30) days, or up to and**

---

[14]*Id*. at 842; *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007).

[15]*Bradley v. Frito Lay, Inc.*, No. 07-4054-JAR, 2008 WL 695224, at *3 (D. Kan. Mar. 7, 2008).

[16]*Id*. at *1.

[17]*See Franks*, 2009 WL 640777, at *2 (citing *Olsen*, 333 F.3d at 1204–05).

**including February 3, 2012,** within which to provide the Marshals Service with the current location and address for Defendants James Arnold and Michael Schmidling for the purpose of serving Plaintiff's amended complaint. The Court further orders that the failure to do so will result in dismissal of the complaint without further prior notice to the Plaintiff.

   **IT IS SO ORDERED.**

Dated: <u>January 3, 2012</u>

         <u> S/ Julie A. Robinson </u>
         JULIE A. ROBINSON
         UNITED STATES DISTRICT JUDGE