**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CURTIS NICHOLS,**

**Plaintiff,**

**v.**

**Civil Action**

**No. 10-2086-JAR-GLR**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

The Court has under consideration a Motion to Amend (ECF No. 64), filed by *pro se* Plaintiff Curtis Nichols. By Order Referring Motion dated March 13, 2012, the District Court referred the motion for disposition. For the reasons set out below, the motion is denied.

## I. Procedural History

In February 2010, Plaintiff commenced this action against one defendant, Kansas Department of Corrections (KDOC), alleging employment discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*[1] After KDOC moved for dismissal (ECF No. 9), Plaintiff sought leave to amend his complaint (ECF No. 11). On August 18, 2010, the Court granted the motion to dismiss and denied the motion to amend without prejudice to Plaintiff's refiling it in compliance with D. Kan. Rule 15.1.[2] Plaintiff filed a motion to amend with an attached proposed amended complaint on October 15, 2010.[3] The Court granted that motion in part on November 23, 2010, and directed Plaintiff to

[1]*See* Compl. (ECF No. 1).

[2]*See* Mem. & Order (ECF No. 13).

[3]*See* Mot. Leave to File Am. Compl. (ECF No. 19).

file an Amended Complaint that omits KDOC as a defendant within fourteen days.[4]

After two extensions of time, Plaintiff timely filed an Amended Complaint against Michael Schmidling, Ben Reynolds, James Arnold, and William Gregory on January 18, 2011, alleging racial discrimination under Title VII and 42 U.S.C. § 1983.[5] Summons were issued on January 25, 2011, and returned unexecuted on February 10, 2011.[6] Four months later Plaintiff filed a Motion to Allow Personal Service (ECF No. 34), which was denied without prejudice on July 18, 2011.[7] The Court extended the time for service to 120 days from the date of the order, however, and ordered service on the defendants other than Ben Reynolds (who had died) at addresses provided by Plaintiff. Summons were again returned unexecuted as to Schmidling and Arnold. Defendant Gregory responded to the service on him by moving to dismiss the action.

On November 8, 2011, the Court entered a Scheduling Order, which set a deadline of February 20, 2012, for filing motions to join additional parties or otherwise amend the pleadings.[8] On November 21, 2011, the Court granted Gregory's motion to dismiss.[9] It reasoned that § 1983 provides no basis for Plaintiff's action because Title VII provides an exclusive remedy for the alleged racial discrimination.[10] It further found that Title VII does not permit personal capacity suits

---

[4]*See* Mem. & Order (ECF No. 21).

[5]*See* Am. Compl. (ECF No. 27).

[6]*See* (ECF Nos. 30-33.)

[7]*See* Order (ECF No. 35).

[8]*See* Scheduling Order (ECF No. 50).

[9]*See* Mem. & Order (ECF No. 54).

[10]*Id.* at 4-5.

against individuals or official capacity suits against a non-supervisory employee such as Gregory.[11]

The same day it dismissed this action as to Gregory, the Court ordered Plaintiff to show cause why it should not dismiss the action against the unserved defendants for failure to timely serve them.[12] Plaintiff then filed a "Motion for Exparte Orders to Facilitate Service of Process and Motion for Oral Arguments." The Court denied that motion on January 3, 2012.[13] It dismissed the action against the deceased Ben Reynolds and granted Plaintiff thirty days to provide a current address for Defendants Arnold and Schmidling, so that they could be served with process.[14] In granting the additional thirty days, the Court noted factors that favored the extension of time, i.e., Plaintiff's attempts to serve the defendants and concerns about dismissing *pro se* complaints for failure to effect proper service without first providing specific instructions on how to correct the defects in service.[15] But it also noted two factors against the extension: (1) "the limitations period has likely run on Plaintiff's claims" and (2) the likelihood that Defendants would be prejudiced by the delay in service.[16]

On February 10, 2012, the Court dismissed this action without prejudice as to Defendants Schmidling and Arnold, because Plaintiff had not provided a proper address to serve either

---

[11] *Id.* at 5-6.

[12] *See* Notice & Order to Show Cause (ECF No. 55).

[13] *See* Mem. & Order (ECF No. 59). The Court's mailing of this document to Plaintiff was returned to the Court as unclaimed. *See* Certified Mail Receipt (ECF No. 60). Plaintiff's pending motion to reconsider is premised on not receiving notice of ECF No. 59. *See* Mot. Reconsider (ECF No. 65).

[14] ECF No. 59 at 5-6.

[15] *Id.* at 5.

[16] *Id.*

defendant.[17] On that same date, judgment was entered against Plaintiff based on the various orders of the Court (ECF Nos. 21, 54, 59, and 61).[18]

On February 20, 2012, Plaintiff filed the Motion to Amend (ECF No. 64) that is now before the Court, a motion to reconsider (ECF No. 65) that remains pending before the District Judge, and a notice of appeal (ECF No. 66). The Tenth Circuit has abated the appellate proceedings pending notification that this Court has resolved the motion to reconsider.[19] This Court thereafter struck the Judgment, given the deadline for amendments set by the Scheduling Order. It also referred the motion to amend to the undersigned magistrate judge for disposition.

## II. Legal Standard Applicable to Motion for Leave to Amend

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[20] Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[21] When a party moves to amend a pleading after the court has finally dismissed the action, the party must move to reopen the case

---

[17] *See* Order (ECF No. 61).

[18] *See* Judgment in a Civil Case (ECF No. 62). Plaintiff received notice of this Judgment on February 11, 2012. *See* Certified Mail Receipt (ECF No. 63).

[19] *See* Order of Tenth Circuit (found at ECF No. 70).

[20] Fed. R. Civ. P. 15(a)(1).

[21] Fed. R. Civ. P. 15(a)(2).

under Fed. R. Civ. P. 59(e) or 60(b), before moving to amend under Fed. R. Civ. P. 15.[22] Courts only consider whether to allow an amendment after the case has been re-opened.[23] But once the case is reopened, they "should freely give leave when justice so requires."[24] Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[25]

Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[26] "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[27] In fact, the prejudice factor is the "most important" consideration in the decision.[28] Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to

---

[22]*Calderon v. Kan. Dep't of Soc. & Rehabilitation Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999). *See also Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir. 2000) (holding that unless the judgment or order of dismissal that acts as a judgment is set aside or vacated pursuant to Rule 59 or 60, "the district court had no power to allow an amendment to the complaint because there was no complaint left to amend").

[23]*See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).

[24]Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[25]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[26]*Id.* (quoting *Foman,* 371 U.S. at 182).

[27]*Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[28]*Minter*, 451 F.3d at 1207.

prosecute or defend the lawsuit.[29] This most often occurs when the amendment "raise[s] significant new factual issues" or arises from a different theory or subject matter than previously asserted.[30] To justify denying leave to amend, the proposed amendment must "work an injustice" to an opposing party.[31]

Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[32] "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[33]

**III. Analysis**

Plaintiff moved for leave to amend his complaint at the same time that he moved for reconsideration under Fed. R. Civ. P. 59(e). Although the District Court has not ruled on the motion for reconsideration, it has struck the judgment entered in this case, reopened the case, and referred the motion to amend for disposition. Given the re-opening of the case and the abatement of the appeal by the Tenth Circuit, the Court properly considers the motion to amend under the liberal policy favoring amendments set out in Fed. R. Civ. P. 15(a).

---

[29] *Id.* at 1208.

[30] *Id.*; *accord Acker v. Burlington N. & Santa Fe R. Co.,* 215 F.R.D. 645, 654 (D. Kan. 2003) (stating that prejudice means undue difficulty in prosecuting or defending a lawsuit due to "a change of tactics or theories on the part of the other party") (quoting *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001)).

[31] *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus*., 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[32] *See Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[33] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

Through his most recent and currently pending motion to amend, Plaintiff again seeks to bring suit under Title VII for racial discrimination against Schmidling, Arnold, and Gregory, while also naming the State of Kansas and Secretary of Corrections Roger Werholtz as defendants.[34] He alleges that he "has been subjected to racially inappropriate comments, inappropriate conduct, harassment, hostile work environment and intimidation" since August 2008.[35] He further alleges that the State of Kansas has failed to properly train its employees regarding civil right laws and failed to investigate his complaints.[36]

Like his first attempt to amend his complaint in this action more than two years ago, Plaintiff has not complied with D. Kan. Rule 15.1, which requires that the party seeking leave to amend attach a copy of the proposed pleading. As already explained to Plaintiff, this is not merely a technical requirement, because "compliance 'is critical for the court to assess the different factors relevant in deciding a motion to amend.'"[37] Here, however, Plaintiff has clearly provided his entire proposed amended complaint within the body of his motion to amend instead of attaching it to the motion. While technically in non-compliance with D. Kan. Rule 15.1, the Court will not deny the *pro se* motion on that technicality.

Plaintiff's proposed amendment has substantive defects that warrant denying his motion to amend. First, Plaintiff seeks to name Gregory as a defendant even though the Court has already granted his motion to dismiss. Plaintiff also seeks to proceed with this action against Arnold and

---

[34]Mot. Am. at 3.

[35]*Id.* at 2.

[36]*Id.* at 3.

[37]*See* Mem. & Order (ECF No. 13) (quoting *Hammond v. City of Junction City, Kan.*, No. 00-2146-CM, 2002 WL 31545354, at *1 (D. Kan. Nov. 18, 2002)).

Schmidling although the Court has dismissed them for lack of timely service of process. When faced with an unfavorable dismissal, parties may not simply amend their complaint to reinstate dismissed parties or claims. Plaintiff has had ample time to provide addresses for Arnold and Schmidling so that they may be properly served. But he has not done so. And his current motion to amend does not correct the defects that the Court has pointed out to Plaintiff multiple times. The motion to amend provides no address for serving Arnold, Schmidling, or either of the two newly named defendants. Given the procedural history of this case, these reasons alone justify denying the motion to amend.

A court, furthermore, may properly deny leave to amend on undue delay alone when there is no justification for failing to amend earlier.[38] Leave to amend is properly denied when there is an unexplained delay of nineteen months and a prior oral ruling that disposes of the entire case.[39] Courts do not favor amendments "to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings."[40] The same can be said of attempts to salvage a case by naming new defendants. Plaintiff has not explained why he delayed more than two years after his original complaint and more than a year after his first amended complaint to name the State of Kansas or the Secretary of Corrections as defendants in this action. Six weeks after the Court noted that his claims against Arnold and Schmidling might be untimely and that those defendants might be prejudiced by the delay in serving them,[41] and ten days after the

---

[38] *See Hayes v. Whitman*, 264 F.3d 1017, 1026-27 (10th Cir. 2001).

[39] *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799-800 (10th Cir. 1998).

[40] *Id.* at 800.

[41] *See* Mem. & Order (ECF No. 59).

Court dismissed them for lack of timely service,[42] Plaintiff moved to amend his complaint to include the same claims against them and to name two new defendants. He also asserts that the State of Kansas failed to train employees and failed to investigate his claims. But he provides no reason for the Court to excuse this lengthy, unexplained delay in naming the new defendants. The delay alone could suffice to deny leave to amend. It certainly suffices when coupled with the procedural history of this case, including the Court's prior orders of dismissal[43] and Plaintiff's two prior complaints that did not name the State of Kansas or the Secretary of Corrections.[44]

Given the dismissals of all prior defendants named in this action, it is difficult to gauge the prejudice to them. But Defendant Gregory would obviously be unduly prejudiced by allowing Plaintiff to re-assert claims against him. The Court, furthermore, has already suggested that Arnold and Schmidling might be prejudiced by allowing additional time to serve them. The two new defendants could also be prejudiced by Plaintiff's delay in naming them prior to his most recent proposed amendment. Although prejudice to the defendants is often the most important factor in deciding whether to permit an amendment, the facts of this case (including an inordinate and unexplained delay) reduce its relative importance. Here, the proposed amendment would certainly prejudice Defendant Gregory and might prejudice the other named defendants. Such prejudice pro-

---

[42]*See* Order (ECF No. 61).

[43]That the Court dismissed Defendants Arnold and Schmidling without prejudice was not an invitation to amend the complaint. *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir. 2000). A "without prejudice" dismissal merely informs the litigant that the dismissal of itself will not preclude the filing of a new separate action against the defendants. *See id.*

[44]The fact that Plaintiff filed his motion to amend within the court-established deadline is insufficient standing alone to excuse the delay. That a scheduling order permits the filing of a motion to amend by a certain date does not mean that a timely motion will necessarily succeed or that the Court may not find undue delay in seeking the amendment.

vides additional support for denying leave.[45]

For the foregoing reasons, the Court denies the Motion to Amend (ECF No. 64) filed by Plaintiff. The liberal amendment policy of Fed. R. Civ. P. 15(a) does not envision a new amendment each time the Court dismisses a party or claim. This case is over two years old. Plaintiff has yet to present a complaint against a properly served defendant that can withstand a motion to dismiss. His proposed amendment improperly attempts to re-assert claims against dismissed defendants and fails to cure the defects that led to the dismissal of two defendants for failure to serve them. Nor does it provide sufficient information to serve the newly named defendants.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas on this 25th day of April, 2012.**

**S/Gerald L. Rushfelt**
**Gerald L. Rushfelt**
**U.S. Magistrate Judge**

[45]The Court recognizes that there is no need to find any prejudice when there is undue delay. *First City Bank v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987); *Wopsock v. Natchees*, 279 F. App'x 679, 689 (10th Cir. 2008). The noted prejudice, nevertheless, provides additional support for denying leave.