**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CURTIS NICHOLS, )<br>)<br>              Plaintiff, )<br>)<br>vs. )<br>)   Case No. 10-2086-JAR<br>MICHAEL SCHMIDLING and )<br>JAMES ARNOLD, )<br>)<br>             Defendants. )<br>_____) | |

**MEMORANDUM AND ORDER**

On January 3, 2012, the Court entered a Memorandum and Order exercising its discretion to grant Plaintiff a permissive extension of time to properly serve Defendants James Arnold and Michael Schmidling (Doc. 59).[1] Plaintiff was granted thirty (30) days, or up to and including February 3, 2011, within which to provide the Marshals Service with the current location and address for Defendants Arnold and Schmidling for the purpose of serving Plaintiff's amended complaint. The Court further ordered that the failure to do so will result in dismissal of the complaint without further prior notice to the Plaintiff. On January 25, 2012, a certified mail receipt was returned "unclaimed" regarding the Court's Order (Doc. 60), and on February 10, 2012, the Court dismissed the complaint with respect to Defendants Arnold and Schmidling, without prejudice (Docs. 61, 62). On February 20, 2012, Plaintiff filed a Motion to Amend Complaint (Doc. 64), a Motion to Reconsider (Doc. 65) and Notice of Appeal (Doc. 66). The Tenth Circuit Court of Appeals abated the appeal until disposition of the Motion to Reconsider

---

[1] The Order also dismissed the case against Defendant Ben Reynolds, deceased. Defendants Kansas Department of Corrections and William Gregory were dismissed by separate order (Docs. 13, 54).

(Doc. 70). This Court struck the Judgment entered February 10, 2012, reopened the case and referred the Motion to Amend to Magistrate Judge Rushfelt (Doc. 62). On April 25, 2012, Judge Rushfelt denied Plaintiff's Motion to Amend (Doc. 73), and this matter is now before the Court on Plaintiff's Motion to Reconsider the Court's January 3, 2012 Order under Fed. R. Civ. P. 59(e).

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[2] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Plaintiff's sole ground for reconsideration is that he did not receive notice of the Court's Order until February 11, 2012, after the deadline to provide the information to the clerk's office. Plaintiff notes that on January 25, 2012, the copy of the Order sent to him by certified mail was returned "unclaimed."[5] The address to which the Order was mailed, however, is Plaintiff's current address, and he did receive a certified copy of the Order dismissing Defendants as well

---

[2] D. Kan. Rule 7.3(a).

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[4] *Servants*, 204 F.3d at 1012; *Brown v. Presb. Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[5] (Doc. 60).

as the Judgment sent to that address on February 10, 2012.[6]  Moreover, Plaintiff does not mention or provide the Court or Marshals Service with Defendants' current location or address in the motion to reconsider, nor has he done so in the two month period that the motion has been pending.  This case has been pending for over two years, and Plaintiff has been afforded several extensions of time to obtain service.  Plaintiff has not offered any reason to justify yet another extension.  Accordingly, Plaintiff's motion to reconsider is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 65) is DENIED.   The Clerk shall enter Judgment in favor of Defendants forthwith.

**IT IS SO ORDERED.**

Dated: April 27, 2012

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[6](Doc. 63).  D. Kan. Rule 5.4.10 provide that *pro se* filers who have not registered with the court's electronic filing system will receive orders of the court pursuant to the Federal Rules of Civil Procedure.  Rule 77(d) provides that the clerk shall serve notice of court orders immediately upon entry in the manner provided in Rule 5(b). Rule 5(b)(2)(C) allows for service by mail to the person's last known address, and that "[s]ervice is complete upon mailing."  Here, the court clerk mailed service of the Order by certified mail to Plaintiff's current address, which Plaintiff left unclaimed.